Leslie Burns (SBN 276687)
Carolyn E. Wright (SBN 263960)
Law Office of Carolyn E. Wright, LLC
P.O. Box 430
Glenbrook, NV 89413
(619) 798-8186 (telephone)
(775) 580-7322  (facsimile)
Email: leslie@photoattorney.com
Email: carolyn@photoattorney.com
Attorneys for Plaintiff

THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DURANT, an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>TOWER GLASS, INC., a<br>California Corporation,<br><br>BARRY SWAIM, an individual,<br><br>and<br><br>EVELYN SWAIM, an individual,<br><br>         Defendants. | CASE No.: **'15CV1645 H      NLS**<br><br><br>**COMPLAINT FOR<br>COPYRIGHT INFRINGEMENT<br>AND DMCA VIOLATION<br>WITH DEMAND<br>FOR JURY TRIAL** |

COMES NOW, Plaintiff John Durant ("Durant"), who states his claims against the defendants, as follows:

<u>JURISDICTION AND VENUE</u>

1.    This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.*  Jurisdiction is founded on 28 U.S.C. §§

1331 and 1338(a).

2.    This Court has personal jurisdiction over defendants Barry Swaim and Evelyn Swaim (collectively, the "Swaims") by virtue of their residing and doing business within this district.

3.    This Court has personal jurisdiction over defendant Tower Glass, Inc. ("Tower Glass") by virtue of its headquarters being located within and its doing business within this district.

4.    Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (c) and 1400(a).

<u>THE PARTIES TO THIS COMPLAINT</u>

5.    Durant is professional freelance photographer who is a citizen of and domiciled in San Diego, California.

6.    On information and belief, Tower Glass is a California corporation registered under entity number C1562195 and may be served through its registered agent, Barry Swaim, at 9570 Pathway Street, Suite A, Santee, California 92071.

7.    On information and belief, Barry Swaim is an owner, the Secretary, and the Chief Financial Officer of Tower Glass; he may be served at the same address as Tower Glass.

8.    On information and belief, Evelyn Swaim is an owner and the President of Tower Glass; she may be served at the same address as Tower Glass.

<u>OPERATIVE FACTS</u>

9.    Durant is a full-time, freelance, professional photographer.  As part of his profession, Durant creates photographs that display architecture and its elements, which he licenses to others for use.

10.    On December 20-21, 2005, Durant created, was the author of, and at all times owned the copyrights to two photographs of the Cal iT2 Building on the campus of the University of California San Diego, as shown below

(the "Photos"):





11.    Durant registered the Photos with the U.S. Copyright Office, which issued Certificate of Registration number VAu 691-167, with an effective

date of December 28, 2005, as shown below:



12.    Durant created the Photos as a part of a larger project, which spanned several months of shooting, for his client, known as "NBBJ."  He first published the Photos when he provided them, along with others from the project, to NBBJ in February 2006. Durant has complied in all respects with the Copyright Act of 1976, 17 U.S.C. §101, *et seq.*, as amended, and all other laws and regulations governing copyrights with respect to the Photos.

///

///

///

///

13.     Durant created the Photos using a camera that embedded his name as the "creator" of the Photos in their digital files metadata, as shown below:



14.     In April 2015, Durant discovered that the Swaims and Tower Glass

(collectively, the "Defendants") had reproduced, displayed, and distributed the Photos on multiple web pages of the Tower Glass website at www.towerglass.com (the "Tower Glass Website"), as shown in Exhibit A, attached.

15.     Defendants posted Tower Glass' copyright notice of "© 2014 Tower Glass, Inc." adjacent to one of the Photos (the "Main Page Photo") as it appeared on the Tower Glass Website home page, as shown below:



16.     Durant did not license or otherwise authorize Defendants to reproduce, display, or distribute his Photos.

17.     Durant's client, NBBJ, published the Photos, pursuant to its license from Durant, on its website at www.nbbj.com/work/university-of-california-san-diego-calit2/, where it displayed and still displays its copyright notice of "© NBBJ" on the bottom of each web page.

18.     The Photos' digital image files as displayed on NBBJ's website contain the metadata that shows the Durant is the creator of the Photos.

19.     Since Durant first discovered the Defendants' reproduction, display, and distribution of the Photos in April 2015, his claims are within the three-

year statute of limitations period pursuant to 17 U.S.C. § 507(b).

FIRST CAUSE OF ACTION

(Copyright Infringement by Tower Glass)

20.     Durant re-alleges and incorporates by reference Paragraphs 1 through 19 above.

21.     Tower Glass reproduced, displayed, and distributed the Photos to the public via the Tower Glass Website.

22.     Tower Glass has not compensated Durant for its reproduction, display, or distribution of the Photos.

23.     Tower Glass' conduct violates the exclusive rights belonging to Durant as owner of the copyrights for the Photos, including without limitation, Durant's exclusive rights under 17 U.S.C. § 106.

24.     As a direct and proximate result of its wrongful conduct, Tower Glass has realized and continues to realize profits and other benefits rightfully belonging to Durant for the Photos.  Accordingly, Durant seeks an award of actual damages pursuant to 17 U.S.C. § 504.

25.     Durant is entitled to and seeks statutory damages for Tower Glass' infringement of each of the Photos, including attorneys' fees and costs, pursuant to 17 U.S.C. §§504 and 505.

26.     Since Tower Glass had notice that the Photos were protected by copyright, Tower Glass' infringement of the Photos was willful and performed with knowledge that its reproduction, display, and distribution of the Photos were unauthorized; Durant is therefore entitled to the recovery of enhanced statutory damages for Tower Glass' infringement of each of the Photos pursuant to 17 U.S.C. § 504.

SECOND CAUSE OF ACTION

(Assertion of False Copyright Management Information)

27.     Durant re-alleges and incorporates by reference Paragraphs 1

through 19 above.

28.     By posting its copyright notice of "© 2014 Tower Glass, Inc." adjacent to the Main Page Photo as it appeared on the Tower Glass Website, Tower Glass knowingly provided false copyright management information with the intent to induce, enable, facilitate, or conceal copyright infringement, in violation of 17 U.S.C. § 1202(a).

<u>THIRD CAUSE OF ACTION</u>

(Vicarious Infringement by the Swaims)

29.     Durant re-alleges and incorporates by reference Paragraphs 1 through 28 above.

30.     As owners and officers of Tower Glass, the Swaims had both a legal right to stop or limit the directly infringing conduct stemming from Tower Glass' reproduction, display, and distribution of the Photos, as well as the practical ability to do so.

31.     Additionally, as officers of Tower Glass, the Swaims gained a direct financial benefit from the direct infringement via the unauthorized reproduction, display, and distribution of the Photos on the Tower Glass Website.

32.     As such, the Swaims had: (1) the right and ability to supervise or control the infringing activity; and, (2) a direct financial benefit from that activity.  Therefore, the Swaims are vicariously liable for the infringing activity.

33.     The Swaims also had the right and ability to supervise or control the display of false copyright management information in the form of Tower Glass' copyright notice posted adjacent to the Main Page Photo.

34.     As a direct and proximate result of the Swaims' vicarious infringement and vicarious assertion of false copyright management information as described above, Durant has suffered injuries and damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Declare that the Defendants' unauthorized conduct violates Durant's rights under common law and the Federal Copyright Act;

2. Order that the Defendants each are jointly and severally vicariously liable for the direct infringement of Durant's Photos.

2. Order Defendants to account to Durant for all gains, profits, and advantages derived by Defendants due to their infringement of Durant's copyrights in the Photos; or such damages as are proper;

3. Award Durant profits and damages in such amount as may be found pursuant to 17 U.S.C. § 504 (b) for Defendants' infringing the copyrights in the Photos;

4. Alternatively, award maximum statutory damages in the amount of $30,000 per infringement for their infringements pursuant to 17 U.S.C. § 504 (c)(1); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

5. Upon a finding that Defendants willfully infringed Durant's copyrights in the Photos, award Durant maximum statutory damages in the amount of $150,000 per infringement pursuant to 17 U.S.C. § 504 (c)(2); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

6. Award Durant profits and damages in such amount as may be found pursuant to 17 U.S.C. § 1203(c) for Defendants' assertion of false copyright management information in the Main Page Photo;

7. Alternatively, award maximum statutory damages in the amount

of $25,000 per violation of 17 U.S.C. § 1202(a); or such amount as may be proper pursuant to 17 U.S.C. § 1203(c).

8.   Award Durant his costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. §§ 505 and 1203(b)(5);

9.   Enter preliminary and permanent injunctions providing that the Defendants shall deliver to Durant all copies of the infringement, and all other materials containing such infringing copies in Defendants' possession, custody or control, for destruction;

10.  Enter preliminary and permanent injunctions providing that Defendants shall deliver to Durant an accounting identifying each reproduction, display, or distribution of the Photos;

11.  Enter preliminary and permanent injunctions enjoining Defendants from engaging in any further acts of copyright infringement of the Photos; and,

12.  For such other and further relief as the Court may deem just and proper.

Plaintiff demands a jury trial on all of the foregoing counts.

This 23rd day of July, 2015.

                                 Respectfully submitted,

                                 /s/Leslie Burns
                                 Leslie Burns (CA Bar No. 276687)
                                 Carolyn E. Wright (SBN 263960)
                                 Law Offices of Carolyn E. Wright, LLC
                                 P.O. Box 430
                                 Glenbrook, NV 89413
                                 (619) 798-8186  (telephone)
                                 (775) 580-7322  (facsimile)